In Re: Appeal of Exton Development, Ltd. West Chester Area School District, Appellant.

In Re: Appeal of Exton Development, Ltd. Chester County Board of Assessment Appeals, Appellant.

Argued April 9, 1985, before Judges Rogers, MacPhail and Palladino, sitting as a panel of three.

*Janet M. Colliton*, with her, *John S. Halsted*, and *Ross A. Unruh* and *Mary Ann Rossi, MacElree, Harvey, Gallagher, O'Donnell & Featherman, Ltd.*, for appellants, West Chester Area School District and Chester County Board of Assessment Appeals.

*John C. Snyder*, with him, *Robert W. Lentz, Lentz, Cantor, Kilgore & Massey, Ltd.*, for appellee, Exton Development, Ltd.

*Randy L. Sebastian*, for intervenor.

OPINION BY JUDGE MACPHAIL, June 10, 1985:

The Chester County Board of Assessment Appeals (Board) and the West Chester Area School District (School District)[1] appeal from a decision of the Court of Common Pleas of Chester County which overruled the Board's assessment of rollback taxes and determined that Exton Development, Ltd. (Exton) was not in breach of a covenant entered into between Exton and Chester County (County) pursuant to the Act of January 13, 1966, P.L. (1965) 1292, *as amended*, 16 P.S. §§11941-11947 (Act 515).[2] We will affirm.

The land in question in the instant matter is a three acre tract which was subdivided from a 271 acre tract consisting of three parcels owned by Exton. Exton applied to covenant with the County pursuant to the terms of Act 515 in regard to the 271 acre tract.

---

[1] The appeals were consolidated for argument before this Court. The issues are the same as to both Appellants.

[2] The covenant entered into by Exton and the County provided that the parties were bound by the County Declaration of General Conditions for Covenants under Act 515. The latter further provided that land to be covenanted is subject to the provisions of Act 515. Act 515 is designed to provide tax incentives to landowners to maintain land as farm, forest, water supply or open space land. It provides in pertinent part that

The three parcels were separately maintained on the tax rolls but the Act 515 covenant was as to the entire tract. The three acres now at issue were part of a parcel totalling approximately 98.5 acres. Four acres from that parcel were taxed separately because of the presence of various structures on the four acres. The instant three acres were subdivided from that four acres.

Exton conveyed the three acres by deed dated December 23, 1981, to Duling-Kurtz House. Subsequently, Exton applied for and received a variance and/or special exception to operate two of the structures existing on the land as a restaurant and a sixteen unit motel, received a building permit for this purpose and commenced work on the structures.[3]

The Assessment Office determined that these actions were in breach of the Act 515 covenant and so notified Exton. On appeal the Board affirmed the breach and the assessment of rollback taxes upon the entire 271 acres. Exton appealed to the common pleas court which determined that the acres occupied by the structures had never received preferential tax treatment, that the acres were not covered by the Act 515 covenant, that Exton had not breached the cove-

---

If the land owner, his successors or assigns, while the covenant is in effect, alters the use of the land to any use other than that designated in the covenant, such alteration shall constitute a breach of the covenant and the land owner at the time of said breach, shall pay to the county, as liquidated damages, the difference between the real property taxes paid and the taxes which would have been payable absent the covenant . . . .

Section 6 of Act 515, 16 P.S. §11946.

[3] At the time of the de novo trial before the common pleas court, the commercial use of the structures had begun. The Board determined that Exton had breached the covenant when it applied for a variance in order to change the use of the structures from residential to commercial.

nant and that, therefore, Exton was not liable for damages in the form of rollback taxes upon the property. We agree with the trial court's legal determination.

As the trial court observed, an applicant for an Act 515 covenant could exclude portions of its property from the covenant. Exton did not seek such an exclusion by means of specifically describing upon the application the four acres upon which the structures were located; nevertheless, the trial court held that the County could not accept those four acres into the covenant.

This Court has stated that Act 515 "provides that a county may covenant that a tax assessment will reflect the fair market value of the land as restricted by the covenant. . . . [A] covenant binding on the landowner under Act 515 would have some effect upon fair market value." *Bensalem Township School District v. Bucks County Commissioners*, 8 Pa. Commonwealth Ct. 411, 416-17, 303 A.2d 258, 262 (1973). The County in the case *sub judice* has a Plan for Implementation of Act 515 (Plan), adopted by the County Planning Commission on May 9, 1974. This Plan provides, *inter alia*, that "[l]ands used in a manner inconsistent with Act 515 and the purpose of this plan are defined as follows: . . . B. Land under or within 100 feet of any structure, parking area, paved area or free-standing sign located on the same tract." Plan, Article III. B. The four acres which the County determined to fall within the proscription of Article III. B. of the Plan did not receive any preferential tax treatment. The record shows and the parties agreed, that the four acres were assessed the same before and after the covenant was entered into. The remainder of the 271 acres was assessed at a substantially lower value after the covenant was entered into.

We, therefore, affirm the trial court's decision that the acres here at issue were not subject to the terms of the Act 515 covenant and the conveyance of the acres[4] and the change in use of the structures located upon those acres was not a breach of the covenant.[5]

ORDER

The order of the Court of Common Pleas of Chester County dated September 30, 1983, No. 256-P Misc. Term, 1982, is hereby affirmed.

---

[4] We distinguish the present issue from that decided in *Deigendesch v. County of Bucks,* Pa. , 482 A.2d 228 (1984). In *Deigendesch* the Court held that when the landowners conveyed 5.4 acres out of a 76.39 acre tract subject to an Act 515 covenant, the covenant was breached. The 5.4 acres were subject, however, to the terms of the covenant. The three acres here conveyed were not subject to the covenant, a distinction which requires the result which we reach in the present case.

[5] Because of our decision on the issue discussed, we need not reach other issues raised by the Board and the School District.